**Albert SCARSELLI, Plaintiff,**

v.

**NEW YORK TELEPHONE COMPANY, Defendant.**

**No. 83 Civ. 0497 (RO).**

United States District Court, S.D. New York.

Feb. 6, 1984.

Albert Scarselli, pro se.

Michael Hertzberg, Bernard Yaker, New York City, for defendant.

### · OPINION AND ORDER

OWEN, District Judge.

Plaintiff Albert Scarselli, appearing *pro se,* instituted this action against the New York Telephone Company alleging that although qualified for a vacancy called "communications systems representative," the phone company refused to employ him pursuant to a policy not to hire male Italians for sales positions.

The case was tried to the Court and, after hearing plaintiff's case, I dismissed the action pursuant to Rule 41(b) Fed.R. Civ.P. finding not only no evidence whatsoever in support of plaintiff's claim, but also that plaintiff in his written employment application deliberately omitted listing two recent employers who had fired him, one for unsatisfactory work performance and the other for sexual harassment of a woman co-worker. Plaintiff also failed to name these employers when asked by the Court to recite his employment listing, thus committing perjury on the stand before me. When questioned by the Court as to this, the colloquy was as follows:

> THE COURT: So that statement that you told the prospective employer is false, right?
>
> MR. SCARSELLI: They did not know that, your Honor.
>
> THE COURT: I know, but you knew it, ... right? An employer might very well conclude that if you got fired from Fiduciary Trust, that maybe they might not want to hire you at New York Telephone, right?

MR. SCARSELLI: Your Honor, plaintiff would have been covered by any check of his background.

THE COURT: I know, but you hid the background from them, right? You didn't want them to know about this, that's why you didn't put it in there?

MR. SCARSELLI: Your Honor, [I] never would have gotten a job with any company if [I] had put [it in there.]

The phone company now applies for counsel fees, limiting its demand because of plaintiff's apparent financial picture to $1000 for the approximately 40 hours that counsel spent to defend against this fraudulently and perjuriously supported baseless action. Plaintiff offered no opposition of substance and the motion is granted.

Defendant is awarded $1000 on account of counsel fees.

So ordered.